**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TROY ALLEN SHORT,

Petitioner-Appellant,

v.

VANCE EVERETT,* Warden; JOHN
W. SUTHERS, The Attorney General
of the State of Colorado,

Respondents-Appellees.

No. 11-1395

D. Colorado

(D.C. No. 1:10-CV-02250-REB)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before, **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

This matter is before the court on Troy Allen Short's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Short seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant** Short's request to proceed

on appeal *in forma pauperis*. Because Short has not, however, "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** his request for a COA and **dismisses** this appeal.

---

*Pursuant to Fed. R. App. P. 43, Vance Everett, Warden, is substituted as a
Respondent-Appellee for John Davis, Warden. Petitioner was transferred to a
different facility during the pendency of this action.

A Colorado state jury convicted Short on one count of second degree burglary and one count of theft. On direct appeal to the Colorado Court of Appeals ("CCA"), Short asserted the trial court erred when it refused to appoint substitute counsel. In particular, Short asserted he was entitled to substitute counsel based on a complete breakdown in communication with existing counsel. The CCA rejected Short's claim of error, concluding the record fully supported the trial court's determination that communications between Short and his counsel had not broken down and that perceived friction on the part of Short did not hinder counsel's ability to adequately present the case to a jury. The Colorado Supreme Court thereafter denied Short's petition for certiorari review.

Short then filed the instant § 2254 petition in federal district court, again raising the contention the trial court erred in denying his request for substitute counsel. In an exceedingly comprehensive Order, the district court denied Short habeas relief. *Short v. Davis*, No. 10-cv-02250, 2011 WL 3682767, at *8-9 (D. Colo. Aug. 23, 2011).

The granting of a COA is a jurisdictional prerequisite to Short's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Short must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

-2-

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Short has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Short need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Short's appellate filings, the district court's Order, and the entire record before this court, we conclude Short is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by the district court. Accordingly, this court **DENIES** Short's request for a COA and **DISMISSES** this appeal. Short's Motion to Pay Debt is also **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge